```
CHRISTINA L. TALLEY, CITY ATTORNEY
MOSES W. JOHNSON IV:      SBN: 118769
ASSISTANT CITY ATTORNEY
200 S. ANAHEIM BLVD STE 356
ANAHEIM, CA 92805
TEL: 714-765-5169
FAX: 714-765-5123
EMAIL:mjohnson@anaheim.net
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY ALEXANDER, individually, and SHERYL BELL, individually,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM, and DOES 1 through 10, Inclusive,<br><br>        Defendants. | CASE NO. CV08-08596 DOC(ANx)<br><br>**STIPULATION FOR PROTECTIVE ORDER: CONFIDENTIAL INFORMATION; [PROPOSED] ORDER RE: SAME** |

    The parties, plaintiffs JERRY ALEXANDER AND SHERYL BELL, and defendant City of Anaheim (the "City") through their respective attorneys of record, agree that the following protective order be issued in this matter pursuant to Rule 26(c)(7) of the *Federal Rules of Civil Procedure*.

    1.  This Protective Order applies to and governs the use if law enforcement investigative reports and records concerning the shooting of Julian Carter

**STIPULATION FOR PROTECTIVE ORDER**
1

1  Alexander which are being produced to plaintiffs by the
2  City. This Order shall also apply to and govern any other
3  investigative or law enforcement reports or records
4  subsequently produced to plaintiffs by the City
5  concerning the shooting of Julian Alexander or its
6  aftermath (hereinafter referred to as "Confidential
7  Information"), including but not limited to reports or
8  memoranda prepared by the Anaheim Police Department or
9  the Orange County District Attorney's Office.
10      The term Confidential Information shall mean and
11 include the documents listed above, any and all portions
12 thereof, and all documents of whatever kind containing
13 information set forth in or obtained from these
14 documents.
15      2.  Plaintiffs' counsel shall use the Confidential
16 Information solely for the purposes of this litigation,
17 and shall not disclose any portion of the Confidential
18 Information to any other person, firm or corporation
19 except:
20      a) Bonafide employees of counsel's law
21 offices, and then only to the extent necessary to enable
22 said persons to assist in litigation of this action;
23      b) Plaintiffs, to the extent deemed necessary
24 by counsel for the prosecution of this litigation;
25      c) Expert witnesses employed by the parties to
26 this action;
27
28

**STIPULATION FOR PROTECTIVE ORDER**
2

1    d) Consultants retained by parties to this
2 action; or
3    e) The Court.
4
5    3.   All persons described in paragraph 2 (a)
6 through (e) above shall not disclose any portion of said
7 Confidential Information and shall not sue any
8 information obtained therefrom except in conformance with
9 this Protective Order and for the purposes of this
10 litigation. Any party who discloses Confidential
11 Information to any person described in paragraph 2 (a)
12 through (e) shall advise such person that said matters
13 constitute Confidential Information which may be used
14 only for the litigation of this action, and shall, prior
15 to disclosure of the Confidential Information, have such
16 person execute a written Understanding and Agreement to
17 be bound by this Stipulation for Protective Order in the
18 form attached hereto as Exhibit 1.
19
20    4.   Any deposition testimony that encompasses or
21 concerns Confidential Information shall be transcribed in
22 a separate booklet that is marked on its cover
23 "Confidential: Do not Disclose by Court Order." In
24 addition, any documents containing Confidential
25 Information that are submitted to the Court shall be
26 filed or lodged in a sealed envelope marked
27 "Confidential: Subject to Protective Order."
28

**STIPULATION FOR PROTECTIVE ORDER**
3

5. The attorneys for plaintiffs are directed to retain all copies of documents, notes, or summaries containing Confidential Information in their custody, possession and control and to take the necessary precautions to prevent persons not authorized as provided above from obtaining access to any such Confidential Information.

6. Production of the Confidential Information protected by this Stipulated Agreement and Order shall not constitute a waiver of any privileged or confidentiality or privacy right. The parties retain the right to assert all substantive objections to the Confidential Information, including but not limited to relevancy, hearsay, privacy, privilege, and Rule 403 of the *Federal Rules of Evidence*.

7. At the conclusion of this action, all documents containing Confidential Information, all copies and extracts thereof, with the exception of those documents affected by the attorney-work product doctrine or attorney-client privilege, shall be returned to counsel for the City. As to those documents by the attorney work-product doctrine or attorney- client privilege, plaintiffs and their counsel agree that any and all such documents shall either be redacted and returned to the City or shall be destroyed. If destroyed,

**STIPULATION FOR PROTECTIVE ORDER**
4

1  one copy of these documents, as produced to plaintiffs,
2  will be maintained by the City and available for
3  plaintiffs or their counsel's use for one year after the
4  resolution of this action between the parties, pursuant
5  to the terms of this Protective Order, in, and upon proof
6  of, a malpractice action between plaintiffs and their
7  counsel that is related to the above captioned matter.
8
9      8.  It would be extremely difficult and
10 impractical, if not impossible, to ascertain with any
11 degree of certainty as of the date of execution of this
12 Protective Order, the amount of damages that will be
13 suffered in the even that the plaintiffs, their counsel,
14 or the parties specified under paragraph 2 above violate
15 this Protective Order. Accordingly, if this Protective
16 Order is breached by plaintiffs, their counsel, or other
17 parties specified under paragraph 2 above, the breaching
18 party shall be obligated to pay the City a cash severance
19 payment of liquidated damages in the amount of $5,000.00
20 for each such breach.
21
22 IT IS SO STIPULATED:
23
24                                      City Attorneys Office
25
26 DATED: ~~May~~ July 31, 2009   By, _____
27                                      Moses W. Johnson IV
                                        Christina L. Talley
28                                      Attorneys for Defendant

STIPULATION FOR PROTECTIVE ORDER
5

1 DATED: May 22, 2009  By: /s/ Richard P. Herman
2  RICHARD P. HERMAN
3  Attorney for Plaintiffs
4
5
6
7  **ORDER**
8
9 IT IS SO ORDERED:
10
11 DATED: _____, 2009
12  _____
   UNITED STATES DISTRICT JUDGE
13

## EXHIBIT 1

### UNDERSTANDING AND AGREEMENT PURSUANT
### TO PROTECTIVE ORDER

I have read the Stipulation and Protective Order in Jerry Alexander and Sheryl Bell v. City of Anaheim et al., Case No: CV08-08596 AG (ANx), now pending in the United States District Court of the Central District of California. I understand the Stipulation and agree to be bound by its terms.

DATED: _____, 2009

_____
SIGNATURE

_____
PRINTED NAME

_____

_____
ADDRESS