Richard P. Herman (CA SBN 053743)
**LAW OFFICE OF RICHARD P. HERMAN**
5001 Birch Street
Newport Beach, CA 92660
Telephone:  (714) 547-8512
Facsimile: (714) 547-6975
Email: rherman@richardphermanlaw.com
Attorney for Plaintiffs JERRY ALEXANDER AND SHERYL BELL

Brian T. Dunn, Esq. (CA SBN 176502)
Mariel A. Gerlt, Esq. (CA SBN 251119)
**THE COCHRAN FIRM – LOS ANGELES**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone (323) 931-6200
Facsimile (323) 931-9521
Email: bdunn@cochranfirm.com
Attorneys for Plaintiffs RENEE ALEXANDER and M.A., a minor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *Lead case (08-8596 DOC (ANx)* | **CASE NO.:** |
| JERRY ALEXANDER, individually, and SHERYL BELL, individually, | SACV 08-8596 DOC (ANx) *consolidated with* SACV09-00069 DOC (RNBx) |
| Plaintiffs, | |
| vs. | **CONSOLIDATED FIRST AMENDED COMPLAINT FOR DAMAGES** |
| CITY OF ANAHEIM, OFFICER KEVIN FLANAGAN, and DOES 1 through 10, Inclusive, | 1. Civil Rights Violations[42 U.S.C. § 1983] (As to Plaintiffs JERRY ALEXANDER and SHERYL BELL) |
| Defendants. | 2. Civil Rights Violations [42 U.S.C. § 1983] (As to Plaintiffs RENEE |
| *Consolidated case (09-00069 DOC (RNBx))* | ALEXANDER, individually, and as |

-1-

RENEE ALEXANDER, individually,
and as Successor in Interest to JULIAN
CARTER ALEXANDER, deceased,
and M.A., a minor, individually,
by and through her Guardian Ad Litem,
RENEE ALEXANDER,

                Plaintiffs,

      vs.

THE CITY OF ANAHEIM, OFFICER
KEVIN FLANAGAN, and DOES 1
through 10, inclusive

                Defendants.

Successor in Interest to JULIAN
CARTER ALEXANDER, deceased,
and M.A., a minor)

3. Wrongful Death (As to Plaintiffs
JERRY ALEXANDER and SHERYL
BELL)

4. Wrongful Death (As to Plaintiffs
RENEE ALEXANDER, individually,
and as Successor in Interest to JULIAN
CARTER ALEXANDER, deceased,
and M.A., a minor)

**JURY DEMAND**

## JURISDICTION AND VENUE

1.     Jurisdiction is vested in this Court under 28 U.S.C. § 1343(3)(4) for

violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C.

§ 1983 and sections 1331 and 1367(a).

2.     Venue is proper in this Central District of California under 28 U.S.C.

§ 1391(a) and (b).

## PARTIES

3.     Plaintiff JERRY ALEXANDER is a resident of San Luis Obispo County,

California, and is the surviving birth father of the Decedent JULIAN ALEXANDER.

4.     Plaintiff SHERYL BELL is a resident of RIVERSIDE County, California,

and is the surviving birth mother of the Decedent JULIAN ALEXANDER.

-2-

5.     Plaintiff RENEE ALEXANDER is a resident of Orange County, California, and is the surviving wife of decedent JULIAN CARTER ALEXANDER.

6.     Plaintiff RENEE ALEXANDER is the successor in interest to decedent JULIAN CARTER ALEXANDER, and is entitled to bring the first cause of action herein alleged pursuant to Section 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating RENEE ALEXANDER as a successor in interest to JULIAN CARTER ALEXANDER, and a true and correct copy of the death certificate for JULIAN CARTER ALEXANDER, furnished herewith pursuant to C.C.P. §377.32.)

7.     Plaintiff M.A., a minor, is a resident of Orange County, California, and is the surviving daughter of decedent JULIAN CARTER ALEXANDER.  Plaintiff M.A. is a minor child and brings this action by and through her Guardian Ad Litem, RENEE ALEXANDER.

8.     Defendant CITY OF ANAHEIM (hereinafter "CITY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.

9.     Defendant OFFICER KEVIN FLANAGAN (Employee number 480) is and at all times mentioned herein was, a resident of the State of California and County of Orange.  At all times relevant to the acts and omissions herein alleged, OFFICER FLANAGAN, was a police officer, and was acting in the course and scope of his

-3-

employment with the CITY OF ANAHEIM, and the ANAHEIM POLICE

DEPARTMENT. OFFICER FLANAGAN is sued in his official and individual

capacity.

10.    On November 14, 2008, Plaintiffs JERRY ALEXANDER and SHERYL

BELL filed a timely claim for damages with the CITY OF ANAHEIM in substantial

compliance with Cal. Government Code §910, et seq.  As of the date of the filing of

this Consolidated Compliant, said claim has been denied.

11.    On  November 25, 2008, a timely claim for damages was filed on behalf

of RENEE ALEXANDER with the CITY OF ANAHEIM in substantial compliance

with Cal. Government Code §910, et seq.  As of the date of the filing of this

Compliant, said claim has been denied by operation of law.

12.    On  December 19, 2008, a timely claim for damages was filed on behalf

of M.A., a minor, with the CITY OF ANAHEIM in substantial compliance with Cal.

Government Code §910, et seq.  As of the date of the filing of this Compliant, said

claim has been denied by operation of law.

13.    Plaintiffs are unaware of the true names and capacities of those

Defendants sued herein as DOE Defendants.  Plaintiffs will amend this complaint to

allege said Defendants' true names and capacities when that information becomes

known to them.  Plaintiffs are informed, believe, and thereon allege that these DOE

Defendants are legally responsible and liable for the incident, injuries and damages

-4-

hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

14.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

15.     Plaintiffs are informed, believe, and therefore allege that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

16.     This Complaint concerns a fatal officer involved shooting which occurred during the early morning hours of Tuesday, October 28, 2008, in or around the front of a residential property, located at or around 316 N. Muller Street, in the City of

-5-

Anaheim.  At approximately 1:30 a.m. Plaintiffs' decedent, JULIAN CARTER

ALEXANDER was present in the front of his home located at 316 N. Muller Street,

when Defendant OFFICER KEVIN FLANAGAN, employed by and acting in the

course and scope of his employment with the ANAHEIM POLICE DEPARTMENT

and the CITY OF ANAHEIM violently confronted Decedent, without having probable

cause to believe that JULIAN CARTER ALEXANDER had committed a crime, or

would commit a crime in the future. Without warning, said Defendant OFFICER

KEVIN FLANAGAN repeatedly and unjustifiably discharged his department issued

firearm at the person of JULIAN CARTER ALEXANDER, inflicting several gunshot

wounds, which proved to be fatal.

    17.    Following the shooting, the involved officers denied medical care to

JULIAN CARTER ALEXANDER in a manner that demonstrated deliberate

indifference to his constitutional rights.  At no time during the course of these events

did JULIAN CARTER ALEXANDER pose any reasonable threat of violence to the

Defendant OFFICER KEVIN FLANAGAN, nor to any other individual, nor did he do

anything to justify the force used against him, and the same was deadly, excessive,

unnecessary, and unlawful.  Both prior to and during the time in which he was shot

dead, JULIAN CARTER ALEXANDER made no aggressive movements, no furtive

gestures, and no physical movements which would suggest to a reasonable officer that

he had the will, or the ability to inflict substantial bodily harm against any individual.

-6-

Both prior to and during the time in which he shot and killed JULIAN CARTER ALEXANDER, Defendant OFFICER KEVIN FLANAGAN, who shot JULIAN CARTER ALEXANDER was not faced with any circumstances which would have led a reasonable police officer to believe that JULIAN CARTER ALEXANDER posed the risk of death, or serious bodily injury to any person.

18.    On or about the early morning hours of October 28, 2008, after surviving for an appreciable period of time, JULIAN CARTER ALEXANDER died as a direct and proximate result of gunshot wounds inflicted upon their persons by the Defendant Officer, KEVIN FLANAGAN.

19.    At no time during the subject incident did JULIAN ALEXANDER  pose a reasonable threat of death or serious bodily injury to any peace officer, or to any other person, and the force used against JULIAN ALEXANDER  was unreasonable, excessive, and deadly, motivated by racial prejudice, not done for proper law enforcement purposes and with a purpose to harm not related to legitimate law enforcement objectives. This shooting was done in violation of ANAHEIM POLICE DEPARTMENT and California State Regulations and Rules for the use of deadly force.

///

///

///

-7-

## FOR THE FIRST CAUSE OF ACTION

## (By Plaintiffs JERRY ALEXANDER and SHERYL BELL Against All

## Defendants for Violations Of Civil Rights [42 U.S.C. § 1983])

20.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

21.     This cause of action is brought on behalf of JERRY ALEXANDER, and SHERYL BELL and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to JERRY ALEXANDER, and SHERYL BELL by the Fourteenth Amendment to the United States Constitution.

22.     At all times mentioned herein, the Defendant CITY OF ANAHEIM employed the individual Defendants herein, including OFFICER KEVIN FLANAGAN. Said Defendant provided its individual Defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of the CITY.

23.     During all times mentioned herein, the individual Defendants, including OFFICER KEVIN FLANAGAN, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the CITY OF ANAHEIM.  Each of the individual Defendants here, separately and in concert, deprived Plaintiffs JERRY

-8-

ALEXANDER, and SHERYL BELL of the rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution and by  the laws of the United States.

24.     Plaintiffs JERRY ALEXANDER and SHERYL BELL are informed, believe, and therefore allege, that on or about October 28, 2008, OFFICER KEVIN FLANAGAN of the CITY OF ANAHEIM POLICE DEPARTMENT fatally assaulted, battered, shot, and killed JULIAN ALEXANDER as previously described, all of which constituted deadly, excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to JULIAN ALEXANDER'S constitutional right to be free from unreasonable searches and seizures.  By causing the death of JULIAN ALEXANDER , these actions additionally violated said plaintiffs' Fourteenth Amendment rights to substantive due process, privacy, as well as their right to associate with their son, their right to the care, companionship, familial relationship, and society of their son, and their right to be free from arbitrary and unreasonable government intrusions into their family unit, as defendants, and each of them, intruded upon with deliberate indifference and in a manner that shocks the conscience, when they used deadly and excessive force upon JULIAN ALEXANDER.

25.     The above articulated constitutional violations were  proximately caused by the CITY OF ANAHEIM'S deliberate indifference to the maintenance, training, and control of the ANAHEIM POLICE DEPARTMENT, and the injuries and

constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendant  CITY OF ANAHEIM, and the ANAHEIM POLICE DEPARTMENT including, but not limited to, inadequately training and supervising police officers with respect to the reasonable and proper use of deadly force against civilians, and with respect to the reasonable and proper investigation of reports of persons suspected of residential/commercial burglary and associated crimes..

26.    Plaintiffs JERRY ALEXANDER and SHERYL BELL are informed and believe, and thereupon allege, that before October 28, 2008, the CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT hired, trained, supervised, employed and/or managed the individual defendant officer with conscious disregard of and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to the CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT that this officer was a dangerous and violent employee, prone to fire his firearm without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification.  Because adequate scrutiny of this individual defendant's background would have led reasonable policymakers within the CITY OF CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT to conclude that the plainly obvious

-10-

consequence of the decision to hire this individual defendant would be the deprivation of a third party's Fourteenth Amendment rights, THE CITY OF CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT were deliberately indifferent to plaintiffs' federally protected rights when the individual defendants named herein were hired, retained, and later supervised.

27.    As set forth in the foregoing paragraphs of this Complaint, the defendant's shooting of JULIAN ALEXANDER  was an unconstitutional display of unreasonable, excessive and deadly force, which violated JULIAN ALEXANDER'S Fourth Amendment right to be free from unreasonable seizures.  Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within the CITY OF CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT, and that such policy makers have direct knowledge of the fact that JULIAN ALEXANDER'S shooting was not justified, but rather represented an unconstitutional display of unreasonable, excessive and deadly force.  Notwithstanding this knowledge, the authorized policy makers within the CITY OF CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT have approved of the defendant officers' shooting of JULIAN ALEXANDER, and have made a deliberate choice to endorse the defendant officers' shooting of JULIAN ALEXANDER and the basis for that shooting.  By so doing, the authorized policy makers within the CITY OF CITY OF ANAHEIM and the ANAHEIM POLICE

-11-

DEPARTMENT have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

28.    Despite the fact that the CITY OF CITY OF ANAHEIM  knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, the CITY OF CITY OF ANAHEIM  has taken no steps or efforts to prevent this course of conduct, nor to make redress to these plaintiffs or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against any of its employees or agents.

29.    The above acts of omissions of the Defendants were undertaken while under color of state law and resulted in the violation of said plaintiffs' constitutional rights, as stated herein.  Likewise, the customs, practices, policies, and decisions of the CITY OF CITY OF ANAHEIM alleged herein and as applied to JULIAN ALEXANDER, resulted in violation of said plaintiffs' constitutional rights.

30.    JULIAN ALEXANDER  had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force.  These rights and privileges are secured to JULIAN ALEXANDER by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983.  All of these interests were implicated by the wrongful conduct of

-12-

the Defendants which proximately caused JULIAN ALEXANDER'S death.  Plaintiffs

JERRY ALEXANDER and SHERYL BELL had a Fourteenth Amendment right to

substantive due process, privacy, as well as a fundamental right to associate with their

son, and a right to enjoy the care, companionship, familial relationship, and society of

their son, and a right to be free from arbitrary and unreasonable government intrusions

into their family unit.  All of these rights and privileges are secured to JERRY

ALEXANDER and SHERYL BELL by the provisions of the Fourteenth Amendment

to the United States Constitution, and by 42 U.S.C. § 1983.  All of these interests were

implicated by the wrongful conduct of the Defendants which proximately caused

JULIAN ALEXANDER 'S death.

      31.    Each of the individual defendants and the municipal defendants acted in

concert, acted outside the scope of his/her jurisdiction and without authorization of law

and each of the individual defendants, separately and in concert, acted willfully,

knowingly, with reckless disregard and deliberate indifference to the known

consequences of their acts and omissions, and purposefully with the intent to deprive

plaintiffs and plaintiffs' decedent of their federally protected rights and privileges, and

did in fact violate those rights and privileges, entitling plaintiffs to punitive and

exemplary damages in an amount to be proven at the trial of this matter.

      32.    As a direct and proximate result of the aforesaid acts, omission, customs,

practices, policies and decisions of the defendants and each of them, plaintiffs JERRY

-13-

ALEXANDER and SHERYL BELL have suffered great mental and physical pain, suffering, anguish fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and the loss of love, comfort, society, solace and support, all to their damage in a sum to be determined at trial. Additionally, said plaintiffs have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations.

33.    As a further result of these acts, plaintiffs JERRY ALEXANDER and SHERYL BELL have lost past and future earnings and wages resulting from the loss of the support and services of Decedent JULIAN ALEXANDER in an amount to be determined according to proof at trial.

34.    Plaintiffs JERRY ALEXANDER and SHERYL BELL are entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

### (By Plaintiffs RENEE ALEXANDER and M.A., a minor, Against All Defendants for Violations Of Civil Rights [42 U.S.C. § 1983])

35.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

36.    This cause of action is brought on behalf of JULIAN CARTER ALEXANDER, by and through his Successor in Interest, RENEE ALEXANDER, who

-14-

would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to JULIAN CARTER ALEXANDER by the Fourth Amendment to the United States Constitution.

37.   This cause of action is additionally brought on behalf of M.A., a minor, by and through her Guardian Ad Litem, RENEE ALEXANDER, and RENEE ALEXANDER, individually, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to M.A., a minor, and RENEE ALEXANDER by the Fourteenth Amendment to the United States Constitution.

38.   At all times mentioned herein, the Defendant CITY OF ANAHEIM employed the individual Defendants herein, including Defendant OFFICER KEVIN FLANAGAN.  Said Defendant CITY provided its individual Defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of the CITY.

39.   During all times mentioned herein, the individual Defendants, including OFFICER KEVIN FLANAGAN, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the CITY.  Each of the individual Defendants here, separately and in concert, deprived all Plaintiffs of the rights,

-15-

privileges and immunities secured to them by the Fourth, and Fourteenth Amendments to the United States Constitution and by the laws of the United States.

40.    Plaintiffs RENEE ALEXANDER and M.A., a minor, are informed, believe, and therefore allege, that on or about October 28, 2008, OFFICER KEVIN FLANAGAN of the ANAHEIM POLICE DEPARTMENT fatally assaulted, battered, shot, and killed JULIAN CARTER ALEXANDER as previously described, all of which constituted deadly, excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to MR. ALEXANDER'S constitutional right to be free from unreasonable searches and seizures.  By causing the death of JULIAN CARTER ALEXANDER, these actions additionally violated Plaintiff M.A., a minor, and RENEE ALEXANDER'S Fourteenth Amendment rights to substantive due process, privacy, as well as their right to associate with their family member (father and husband respectively), their right to enjoy the care, companionship, familial relationship, and society of their family member (father and husband respectively), and their right to be free from arbitrary and unreasonable government intrusions into their family unit; Defendants, and each of them, intruded upon their family unit with deliberate indifference and in a manner that shocks the conscience, when they used deadly and excessive force upon JULIAN CARTER ALEXANDER.

41.    The above articulated constitutional violations were proximately caused by the CITY OF ANAHEIM'S deliberate indifference to the maintenance, training,

-16-

and control of the ANAHEIM POLICE DEPARTMENT; and the injuries and

constitutional violations set forth herein were proximately caused by the customs,

practices, policies and decisions of Defendant CITY, and the ANAHEIM POLICE

DEPARTMENT including, but not limited to, inadequately training and supervising

police officers with respect to the reasonable and proper use of deadly force against

civilians, and with respect to the reasonable and proper investigation of reports of

persons suspected of residential/commercial burglary and associated crimes.

42.    Plaintiffs RENEE ALEXANDER and M.A., a minor, are informed and

believe, and thereupon allege, that before October 28, 2008, the CITY OF ANAHEIM

and the ANAHEIM POLICE DEPARTMENT hired, trained, supervised, employed

and/or managed the individual Defendant officers, including Defendant OFFICER

KEVIN FLANAGAN and DOES 1 through 10, inclusive, with conscious disregard of

and deliberate indifference to the constitutional rights of third parties, in that it was

plainly obvious to the CITY OF ANAHEIM and the ANAHEIM POLICE

DEPARTMENT that these officer(s) were dangerous and violent employees, prone to

fire their firearms without reasonable justification, and in a manner that demonstrates

callous disregard for the rights and safety of third parties, and assault and batter

persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force

without reasonable justification.  Because adequate scrutiny of these individual

Defendants' background would have led reasonable policymakers within the CITY OF

-17-

ANAHEIM and the ANAHEIM POLICE DEPARTMENT to conclude that the plainly

obvious consequence of the decision to hire these individual Defendants would be the

deprivation of a third party's Fourth Amendment right to be free from unreasonable

and excessive force, THE CITY OF ANAHEIM and the ANAHEIM POLICE

DEPARTMENT were deliberately indifferent to said Plaintiffs' federally protected

rights when the individual Defendants, including OFFICER KEVIN FLANAGAN and

DOES 1 through 10, inclusive, were hired, retained, and later supervised.

43.    As set forth in the foregoing paragraphs of this Complaint, the shooting of

JULIAN CARTER ALEXANDER was an unconstitutional display of unreasonable,

excessive and deadly force, which violated JULIAN CARTER ALEXANDER'S

Fourth Amendment right to be free from unreasonable seizures.  Plaintiffs RENEE

ALEXANDER and M.A., a minor, are informed and believe, and thereupon allege, the

details of this incident have been revealed to the authorized policy makers within the

CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT, and that such

policy makers have direct knowledge of the fact that the shooting of JULIAN

CARTER ALEXANDER was not justified, but rather represented an unconstitutional

display of unreasonable, excessive and deadly force.  Notwithstanding this knowledge,

the authorized policy makers within the CITY OF ANAHEIM and the ANAHEIM

POLICE DEPARTMENT have approved of the Defendant officer's shooting of

JULIAN CARTER ALEXANDER, and have made a deliberate choice to endorse the

-18-

Defendant officer's shooting of JULIAN CARTER ALEXANDER, and the basis for that shooting. By so doing, the authorized policy makers within the CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT have shown affirmative agreement with the individual Defendant officer's actions, including DEFENDANT OFFICER KEVIN FLANAGAN and DOES 1 through 10, inclusive, and have ratified the unconstitutional acts of the individual Defendant Officer(s).

44.    Plaintiffs are informed and believe and thereupon allege that despite the fact that the CITY OF ANAHEIM knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, the CITY OF ANAHEIM has taken no steps or efforts to prevent this course of conduct, nor to make redress to these Plaintiffs or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against any of its employees or agents.

45.    The above acts of omissions of the Defendants were undertaken while under color of state law and resulted in the violation of said Plaintiffs' constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the CITY OF ANAHEIM alleged herein and as applied to decedent JULIAN CARTER ALEXANDER, resulted in violation of said Plaintiffs' constitutional rights.

46.    JULIAN CARTER ALEXANDER had the right to be free from unreasonable searches and seizures, and the right to be free from the use of

-19-

unreasonable and excessive force. These rights and privileges are secured to JULIAN CARTER ALEXANDER by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused the death of JULIAN CARTER ALEXANDER.

47.    Plaintiffs M.A., a minor, and RENEE ALEXANDER had a Fourteenth Amendment right to substantive due process, privacy, as well as a fundamental right to associate with their family member (father and husband respectively), and a right to enjoy the care, companionship, familial relationship, and society of their family member (father and husband respectively), and a right to be free from arbitrary and unreasonable government intrusions into their family unit. All of these rights and privileges are secured to M.A., a minor, and RENEE ALEXANDER by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused JULIAN CARTER ALEXANDER'S death.

48.    Each of the individual Defendants, including DEFENDANT OFFICER KEVIN FLANAGAN, and the municipal Defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual Defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts

-20-

and omissions, and purposefully with the intent to deprive Plaintiffs and Plaintiffs'

decedent of their federally protected rights and privileges, and did in fact violate those

rights and privileges, entitling Plaintiffs to punitive and exemplary damages against the

individual defendants, in an amount to be proven at the trial of this matter.

49.     As a direct and proximate result of the aforesaid acts, omissions, customs,

practices, policies and decisions of the Defendants and each of them, Plaintiffs RENEE

ALEXANDER and M.A., a minor, and Plaintiffs' decedent have suffered great mental

and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock,

humiliation, indignity, embarrassment, apprehension, and the loss of love, comfort,

society, solace and support, all to their damage in a sum to be determined at trial.

Additionally, Plaintiffs RENEE ALEXANDER and M.A., a minor, have been forced

to incur substantial amounts for attorneys' fees and other expenses in the prosecution

of the above articulated constitutional violations.

50.     As a further result of these acts, said Plaintiffs have lost past and future

earnings and wages resulting from the loss of the support and services of decedent in

an amount to be determined according to proof at trial.

51.     Plaintiffs have also incurred funeral and burial expenses as a result of the

wrongful acts of Defendants, and each of them.

52.     Plaintiffs RENEE ALEXANDER and M.A., a minor, are entitled to and

hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. § 1988.

-21-

## FOR THE THIRD CAUSE OF ACTION

### (By Plaintiffs JERRY ALEXANDER and SHERYL BELL Against All

### Defendants for Wrongful Death)

53.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

54.     On October 28, 2008, Defendant OFFICER KEVIN FLANAGAN, while acting in the course and scope of his employment with the CITY OF CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT, used excessive and unreasonable force against JULIAN ALEXANDER by acts which included, but were not limited to, violently assaulting and battering Julian Alexander by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department issued firearm at the person of JULIAN ALEXANDER, inflicting several gunshot wounds on the person of JULIAN ALEXANDER.  After surviving for an appreciable period of time after being assaulted, battered, and shot, as described herein, JULIAN ALEXANDER died as a direct and proximate result of the aforementioned gunshot wounds.

55.     Both prior to and during the time in which he was shot, JULIAN ALEXANDER was not armed with any kind of weapon, and posed no reasonable threat of violence to any peace officer, nor to any other individual.  When he was shot, JULIAN ALEXANDER made no aggressive movements, no furtive gestures, and no

-22-

physical movements which would suggest to a reasonable officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.

56.    Plaintiffs JERRY ALEXANDER and SHERYL BELL are informed and believe and thereon allege that Defendants, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently using excessive and unreasonable physical force upon the person of JULIAN ALEXANDER, when the same was unnecessary and unjustified, negligently failing to determine that JULIAN ALEXANDER posed no threat of physical harm to any person when he was assaulted and battered, negligently inflicting physical injury upon JULIAN ALEXANDER  as described, and negligently failing to render timely medical aid to JULIAN ALEXANDER after he was injured by the individual defendants.  All of these negligent acts proximately caused the death of JULIAN ALEXANDER, as described herein.

57.    Plaintiff is informed and believes and thereon alleges that on and before October 28, 2008, individual employees of the CITY, while working in the course and scope of their employment with the CITY, negligently hired, trained, supervised, employed and managed Defendant OFFICER KEVIN FLANAGAN in that said employees of the CITY knew or, in the exercise of reasonable diligence, should have

-23-

known, that said officer was a dangerous and violent employee, prone to provoke and initiate physical confrontation without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of civilian citizens, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification.  All of these negligent acts proximately caused the death of JULIAN ALEXANDER, as described herein.

58.    As a proximate result of all of the above mentioned conduct of defendants, and each of them, JULIAN ALEXANDER was shot and killed on October 28, 2008.

59.    As a proximate result of the death of the decedent and the above-described conduct of defendants, and each of them, plaintiffs JERRY ALEXANDER and SHERYL BELL have sustained substantial economic and non-economic damages resulting from the loss of the love, comfort, society, attention, services and support of JULIAN ALEXANDER in an amount according to proof at trial.

60.    As a proximate result of the death of the decedent and the above-described conduct of defendants, and each of them, Plaintiffs JERRY ALEXANDER and SHERYL BELL, having been financially dependent upon Decedent JULIAN ALEXANDER have sustained substantial economic damages resulting from the loss of financial support.

-24-

61.   As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of the JULIAN ALEXANDER, said plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## FOR THE FOURTH CAUSE OF ACTION

**(By Plaintiffs RENEE ALEXANDER and M.A., a minor, Against All Defendants for Wrongful Death)**

62.   Plaintiffs restate and incorporate the foregoing paragraphs of this complaint as if set forth in full at this point.

63.   On October 28, 2008,  Defendant OFFICER KEVIN FLANAGAN while acting in the course and scope of his employment with the CITY OF ANAHEIM and the ANAHEIM POLICE DEPARTMENT, used excessive and unreasonable force against decedent JULIAN CARTER ALEXANDER by acts which included, but were not limited to, violently assaulting and battering JULIAN CARTER ALEXANDER, and by OFFICER KEVIN FLANAGAN repeatedly and unjustifiably discharging his department issued firearm at the person of JULIAN CARTER ALEXANDER, inflicting several gunshot wounds on the person of JULIAN CARTER ALEXANDER.

64.   Following the shooting, the involved officers denied medical care to JULIAN CARTER ALEXANDER in a manner that demonstrated deliberate indifference to his constitutional rights. And, after surviving for an appreciable period

of time after being assaulted, battered, and shot, as described herein, JULIAN

CARTER ALEXANDER died as a direct and proximate result of the aforementioned

gunshot wounds.

65.    At no time during the course of the events described herein did JULIAN

CARTER ALEXANDER pose any reasonable threat of violence to the Defendant

Officer(s), nor did he do anything to justify the force used against him, and the same

was deadly, excessive, unnecessary, and unlawful.

66.    Plaintiffs are informed and believe and thereon allege that Defendants,

and each of them, failed to exercise reasonable and ordinary care in committing the

acts alleged herein, by actions and inactions which include, but are not limited to,

negligently using excessive and unreasonable physical force upon the person of

JULIAN CARTER ALEXANDER, when the same was unnecessary and unjustified,

negligently failing to determine that JULIAN CARTER ALEXANDER posed no

threat of physical harm to any person when he was assaulted and battered, negligently

inflicting physical injury upon decedent JULIAN CARTER ALEXANDER as

described, and negligently failing to render timely medical aid to JULIAN CARTER

ALEXANDER after he was injured and shot by the individual Defendants, including

OFFICER KEVIN FLANAGAN.  All of these negligent acts proximately caused the

death of JULIAN CARTER ALEXANDER, as described herein.

-26-

67.     Plaintiffs RENEE ALEXANDER and M.A., a minor, are informed and believe and thereon allege that on and before October 28, 2008, individual employees of the CITY, while working in the course and scope of their employment with the CITY, negligently hired, trained, supervised, employed and managed the Defendant Officers, including OFFICER KEVIN FLANAGAN, in that said employees of the CITY knew or, in the exercise of reasonable diligence, should have known, that said officers were dangerous and violent employees, prone to provoke and initiate physical confrontation without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of civilian citizens, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification.  All of these negligent acts proximately caused the death of JULIAN CARTER ALEXANDER, as described herein.

68.     As a proximate result of all of the above mentioned conduct of Defendants, and each of them, JULIAN CARTER ALEXANDER was shot and killed on October 28, 2008.

69.     As a proximate result of the death of the decedent and the above-described conduct of Defendants, and each of them, Plaintiffs RENEE ALEXANDER and M.A., a minor, have sustained substantial economic and non-economic damages resulting from the loss of the love, comfort, society, attention, solace, advice, training, guidance, services and support of decedent in an amount according to proof at trial.

-27-

70.     As a proximate result of the death of the decedent and the above-described conduct of Defendants, and each of them, Plaintiffs RENEE ALEXANDER and M.A., a minor have lost past and future wages and financial support arising out of the death of decedent, and the loss of earnings capacity of the decedent in an amount according to proof at trial.

71.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of the decedent, Plaintiffs RENEE ALEXANDER and M.A., a minor, have incurred funeral and burial expenses in an amount according to proof at trial.

## DEMAND FOR TRIAL BY JURY

72.     ALL PLAINTIFFS hereby demand that a jury be empanelled for the trial of this matter.

## PRAYER FOR RELIEF

### As to Plaintiffs JERRY ALEXANDER and SHERYL BELL

WHEREFORE, Plaintiffs JERRY ALEXANDER and SHERYL BELL pray for judgment against Defendants as follows:

1.     For burial and funeral related expenses according to proof at trial;

2.     For general damages in an amount to be determined according to proof at trial;

3.     For medical and related expenses according to proof at trial;

-28-

4.      For costs of suit incurred herein;

5.      For punitive damages against the individual defendants in an amount to be determined according to proof at trial;

6.      For attorneys' fees, investigation fees, and expert witness fees incurred herein; and

7.      For such other and further relief as the Court deems just and proper.

## As to Plaintiffs RENEE ALEXANDER and M.A., a minor

**WHEREFORE**, Plaintiffs RENEE ALEXANDER and M.A., a minor, pray for judgment against Defendants as follows:

1.      For burial and funeral related expenses according to proof at trial;

2.      For general damages in an amount to be determined according to proof at trial;

3.      For medical and related expenses according to proof at trial;

4.      For costs of suit incurred herein;

5.      For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

6.      For attorneys' fees and expert witness fees incurred herein; and

7.      For such other and further relief as the Court deems just and proper.

-29-

Respectfully Submitted,

DATED: September ___, 2009

**LAW OFFICE OF RICHARD P. HERMAN**

By:_____

     Richard P. Herman, Esq.
     Attorneys for Plaintiffs
     JERRY ALEXANDER
     and SHERYL BELL

DATED: September 11, 2009

**THE COCHRAN FIRM – LOS ANGELES**

By:_____

     Brian T. Dunn, Esq.
     Mariel A. Gerlt, Esq.
     Attorneys for Plaintiffs
     RENEE ALEXANDER and M.A, a minor

-30-

Respectfully Submitted,

DATED: September 11, 2009     **LAW OFFICE OF RICHARD P. HERMAN**

By: _____

Richard P. Herman, Esq.
Attorneys for Plaintiffs
JERRY ALEXANDER
and SHERYL BELL

DATED: September 11, 2009     **THE COCHRAN FIRM – LOS ANGELES**

By: _____

Brian T. Dunn, Esq.
Mariel A. Gerlt, Esq.
Attorneys for Plaintiffs
RENEE ALEXANDER and M.A, a minor

-30-